THE STATE OF OHIO *v.* DENNING.
THE STATE OF OHIO *v.* KARN.

[Cite as State v. Denning (1972), 32 Ohio Misc. 1.]

(Nos. 64-22360, 64-22359—Decided February 24, 1972.)

Piqua Municipal Court.

*Mr. Craig Hallows*, for plaintiff.
*Mr. Jack Neuenschwander* and *Mr. Paul Gutmann*, for defendants.

WILSON, J.   On December 23, 1971, the state of Ohio, obtained a search warrant to search premises known as

8335 Piqua-Lockington Road, in Springcreek Township, Miami County, Ohio, and described as a two-story residence and garage. The warrant authorized a search for hallucinogens, including cannabis sativa L., commonly known as marijuana, and amphetamines and barbituates in the possession of one, Larry Richard Anderson, contrary to R. C. 3719.24 (A) and (D). A search was made during the early morning hours on December 25, 1971. Marijuana and other drugs or drug-related items were seized during the search. Larry Richard Anderson was arrested for a drug-related felony, and several other persons were arrested. The defendant, Denning, was charged with possession of an amphetamine, and the defendant, Karn, was charged with possession of marijuana, after both defendants were searched at the scene. Both charges are misdemeanors.

The state does not claim that the search of the defendants was a protective search for weapons, and the defendants do not question the validity of the search warrant.

The evidence indicates that there was a party in progress when the officers entered the premises in question.

Prior to *Mapp* v. *Ohio*, 367 U. S. 643, evidence obtained by illegal searches was admissible in evidence in state courts. *State* .v. *Landway*, 131 Ohio St. 166. The *Mapp* case imposed the exclusionary rule upon the states. Clearly under *Mapp* and subsequent cases, such as *Ker* v. *Calif.*, 374 U. S. 23 and *Terry* v. *Ohio*, 392 U. S. 22, the Fourth Amendment to the Constitution and the exclusionary rule only has application to unreasonable searches and seizures. The Fourth Amendment test of reasonableness must be in accordance with Federal Constitutional standards. To hold otherwise would permit a situation where acts would violate the Fourth Amendment in Ohio which would not violate the Fourth Amendment in another state. In other words, *Mapp* and subsequent cases provide minimum standards of search and seizure, the standard being that it may not be unreasonable.

Since the constitutional standard of reasonableness

is involved, we do not get to the questions of whether the misdemeanor was being committed in the presence of the officer or the officers right to arrest and search in accordance with Ohio standards. Even if the officers did not have the right to arrest under Ohio law, the evidence would still be admissible in Ohio so long as the Fourth Amendment standard of reasonableness was not violated.

There is no question of the right of police officers, without a warrant, to search a person incidental to a lawful arrest. *Weeks* v. *U. S.*, 232 U. S. 383; *U. S.* v. *Rabinowitz*, 339 U. S. 56.

In *Hill* v. *California*, 91 S. Ct. 1106, the defendant, Hill, was found guilty of robbery based upon evidence obtained in a search of his apartment without a warrant. The officers arrested a man at Hill's apartment whom they thought was Hill. They searched the apartment and obtained the incriminating evidence in what the officers thought was a lawful search incident to an arrest. The officers had probable cause to arrest Hill. In affirming the conviction based upon the seized evidence Justice White made the following observation, " 'when judged in accordance with the factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act,' *Brinegar* v. *U. S.* (1949), 388 U. S. 160, 175, 69 S. Ct. 1302, 1310, 93 L. Ed. 1879, the arrest and subsequent search was reasonable and valid under the Fourth Amendment." In the *Hill* case there was an illegal arrest but there was probable cause.

The Fourth Amendment does not permit the justification of the arrest by the search and at the same time justify the search by the arrest. There must be probable cause for arrest before the search begins. In *U. S.* v. *Di Re*, 332 U. S. 581, the court made the following statement:

"A search is not made to be legal by what it turns up. In law it is good or bad when it starts and does not change character from its success."

The fifth, sixth and seventh paragraphs of the syllabus in *Bailey* v. *U. S.*, 389 F. 2d 305, are as follows:

"Even if formal arrest is not made until after search,

search will be upheld so long as there is probable cause for arrest before search is begun."

"The standard of 'probable cause' for arrest is that of a reasonable, cautious, and prudent peace officer, judged in the light of his experience and training."

" 'Probable cause' for arrest requires much less evidence than that necessary to establish guilt."

In *U. S.* v. *Gorman*, 355 F. 2d 151, the court made the following statement at page 159:

"When a suspect is available for immediate arrest at the place of the search, to which the police have lawfully gained access and reasonable cause for his arrest exists, a search of personal effects is reasonable even though arrest is postponed."

The recent case of *California* v. *Tappan*, 72 Cal. Reporter 585, held that a narcotics officer who investigated reported narcotic activity, had the right to arrest the apartment's occupants when officers observed the commission of a felony in their presence and that they had the right to search the apartment. In the California case there was no warrant. The officers knocked on the apartment door and saw a marijuana cigarette on the floor when the door was opened.

In view of the above referred-to cases, the court finds that the officers had probable cause to arrest the defendants prior to the search. It then follows that the searches were constitutionally reasonable. The motions to suppress are therefore overruled. Thus it is not necessary to decide the interesting question of whether or not search warrants constitutionally permit the search of persons present at the scene of the search or crime but not named in the warrant.

*Motion to suppress evidence denied.*